**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Jolita Jean,

      Petitioner,

      v.                                                      Case No. 2:26-cv-02571-BCL-atc

Christopher Bullock,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING MOTION TO ALTER JUDGMENT**

---

Petitioner Jolita Jean has filed a Motion to Alter Judgment (Doc. 13) under Federal Rule of Civil Procedure 59(e) by which she asks this Court to revisit the denial of her counseled habeas petition (Doc. 1). Petitioner's Motion to Alter Judgment (Doc. 13) is **DENIED** for the reasons that follow.

Petitioner expresses broad disagreement with the Court's decisions concerning exhaustion, the meanings and respective scopes of the relevant statutes, the holding of the Sixth Circuit decision *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and the requirements of the Constitution. But motions under Rule 59 are not the place to rehash arguments that Plaintiff has already made in her petition and accompanying memorandum of law, and which already have been rejected. *See Hawkins v. Tenn. Bd. of Prob. & Paroles*, No. 07–2326–B/P, 2008 WL 313453, at *1 (W.D. Tenn. Feb. 1, 2008) ("The Rule 59(e) motion may not be used to relitigate old matters."). The proper avenue for rearguing issues is appeal. *See Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992). Moreover, many of Plaintiffs arguments are new arguments

1

that should have been made *before* the Court adjudicated the petition; a party should not wait until after a court has ruled to grapple with the relevant precedents and doctrines as Petitioner has done here in a Motion for Reconsideration that is lengthier than both her petition and her reply brief. *See, e.g.*, *McBride v. Skipper*, 76 F.4th 509, 518 (6th Cir. 2023) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." (quotation marks and citation omitted)); *In re East Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (same).

Petitioner's arguments do not provide a basis for relief under Rule 59(e) and, independently, do not persuade the Court that its Order denying the petition rests on error. Petitioner's remedy, if any, is with the Sixth Circuit. Petitioner's Motion (Doc. 13) is **DENIED**.

**IT IS SO ORDERED**, this 8th day of June, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2